FILED

MAR 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS NELSON,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>QUALITY FOOD CENTERS, INC., et al.<br><br>   Defendants-Appellees. | No. 09-35278<br><br>DC No. 07 CV-1757 MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted January 15, 2010
Seattle, Washington

Before:  TASHIMA and TALLMAN, Circuit Judges, and MARSHALL[**] District Judge.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

Appellant Marcus Nelson ("Nelson") appeals the district court's grant of summary judgment and denial of his motion for reconsideration of his claims against Appellees Quality Food Centers, Inc. ("QFC"), and Robert Callahan ("Callahan"), for violations of: (1) the civil rights act of 1866, 42 U.S.C.§ 1981; (2) the civil rights act of 1964, 42 U.S.C. § 2000e *et seq.*; and (3) discrimination pursuant to Washington state law, Wash. Rev. Code § 49.60, on the ground that Nelson failed to meet his burden pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). For the reasons stated below, this Court **AFFIRMS** the district court.

Nelson alleges he was the victim of employment discrimination in violation of federal and state law. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).

The parties agree that *McDonnell Douglas*, 411 U.S. 792, governs Nelson's claims. Under this framework, the plaintiff has the initial burden of establishing his *prima facie* case of discrimination. Accordingly, a plaintiff alleging employment discrimination must first offer proof that: (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse

employment action, such as demotion; and (4) a similarly situated employee who does not belong to the protected class was treated more favorably. *Id.* at 802; *see also Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105-06 (9th Cir. 2008).

Here, we conclude that Nelson fails to meet his initial burden of establishing a prima facie case of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. Nelson does not offer evidence from which a reasonable juror could conclude he was performing satisfactorily or that similarly situated individuals[1] not in the protected class were treated more favorably than he was. To the contrary, the record shows that Nelson received substandard reviews from two different district managers for Fiscal Years ("FYs") 2004 and 2005, and was ranked amongst the worst managers in his district for FY 2004. Although the record shows that Nelson excelled in customer service, it also shows that he performed poorly in "objective" criteria such as sales, shrink, inventory, and that he consistently missed "objective" goals such as budget and sales targets. Accordingly, the district court properly found that, based on the evidence, no reasonable juror could have found that Nelson was a satisfactory store manager.

---

[1] Neither party disputes that Nelson belongs to a protected class and was demoted.

-3-

Similarly, no reasonable juror could conclude based on the evidence before this Court that similarly situated individuals not in the protected class were treated more favorably than Nelson. Nelson's argument that Rod Skorlud, the Caucasian manager of Silver Lake who was transferred to West Lynnwood, was a similarly situated individual who was treated better is rebutted by evidence that Skorlud received higher performance reviews in both FY 2004 and FY 2005 by the same two individuals who reviewed Nelson. *Compare* ER 238-243, 259-265 *to* ER 251-256, 267-273. Based on the evidence, no reasonable juror could find that Nelson was either outperforming Skolrud or that the two men were similarly situated. *See Surrell*, 518 F.3d at 1105-06.

We agree with the district court that Nelson "utilize[s] comparators that [are not] truly 'similarly situated.'" The evidence demonstrates that other store managers who received low performance reviews for FY 2004 were removed from their store manager positions well before Nelson was transferred to Silver Lake. The evidence also shows that Karen Peterson, a Caucasian female, was, like Nelson, transferred to another store following a substandard performance review, and then demoted when that store closed. These individuals, not Skorlud, are "similarly situated" to Nelson and were *not* treated more favorably than Nelson. *See id.*

-4-

Based on the foregoing, we conclude Nelson fails to meet his initial burden of establishing his *prima facie* case. Accordingly, summary judgment for QFC and Callahan was proper and the district court did not abuse its discretion in denying the motion for reconsideration.

**AFFIRMED.**